NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3081

UNITED STATES OF AMERICA

v.

WESLEY SNYDER,
                    Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 07-cr-00450-1)
District Judge: Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2010

Before:  RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges.

(Filed : July 21, 2010 )

OPINION OF THE COURT

RENDELL, Circuit Judge.

Wesley A. Snyder pled guilty to one count of Mail Fraud Affecting a Financial

Institution in violation of 18 U.S.C. § 1341.  The District Court sentenced him to 146

months' imprisonment, three years supervised release, restitution in the amount of

$29,267,080, and a $100 special assessment. Snyder's sentencing range under the

Guidelines was 121 to 151 months. On appeal, Snyder urges that the District Court

unreasonably applied the sentencing factors set forth in 18 U.S.C. § 3553(a). We

conclude the District Court imposed a procedurally and substantively reasonable

sentence, and we will affirm the District Court's sentencing order.

**I.**[1]

We review the District Court's sentencing for reasonableness under an abuse-of-

discretion standard. *Gall v. United States*, 522 U.S. 38, 51 (2007). We must "first ensure

that the District Court committed no significant procedural error," and, if no procedural

error was committed, then we must "consider the substantive reasonableness of the

sentence imposed." *Id*. As we noted in *United States v. Ausburn*:

> In considering a criminal defendant's claim that a sentence is
> unreasonable, a reviewing court asks whether the district
> court: (1) exercised its discretion by giving "meaningful
> consideration to the § 3553(a) factors; and (2) applied those
> factors reasonably by selecting a sentence grounded on
> reasons that are logical and consistent with the [§ 3553(a)]
> factors. When we reach this last step, we apply a deferential
> standard, the trial court being in the best position to determine
> the appropriate sentence in light of the particular
> circumstances of the case.

502 F.3d 313, 328 (3d Cir. 2007) (quotations omitted). Section 3553(a) lists seven factors

that a sentencing court must consider. The first factor is a broad command to consider

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

"the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The second factor requires the consideration of the general purposes of sentencing, including:

> the need for the sentence imposed-
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). The third factor pertains to "the kinds of sentences available," 18 U.S.C. § 3553(a)(3); the fourth to the Sentencing Guidelines; the fifth to any relevant policy statement issued by the Sentencing Commission; the sixth to "the need to avoid unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6); and the seventh to "the need to provide restitution to any victim," 18 U.S.C. § 3553(a)(7).

At the time of sentencing, Snyder was 72 years old and had no criminal history. Snyder had been the owner and operator of six businesses in the Reading, PA area. On September 18, 2007, all six of Snyder's companies filed for bankruptcy. Investigations by postal inspectors and state and federal agencies followed. These investigations revealed that Snyder had operated a mortgage-related "Ponzi" scheme through the United States mails, successfully defrauding more than 800 individuals out of more than $29 million. Snyder pled guilty to one count of Mail Fraud Affecting a Financial Institution

3

in violation of 18 U.S.C. § 1341.  The District Court sentenced him to 146 months'
imprisonment, three years supervised release, restitution in the amount of $29,267,080,
and a $100 special assessment.

Snyder contends that the District Court should have granted a downward variance
based on the individual circumstances of this case and Snyder's individual characteristics
in accordance with § 3553(a).  Specifically, Snyder urges that the District Court did not
adequately consider his age, poor health, history of community service, and lack of
malicious intent.

This contention has no merit.  The District Court considered the § 3553(a) factors
and weighed them appropriately before imposing a sentence at the higher end of the
Guidelines.  The District Court noted Snyder's age as well as the fact that the crime
Snyder had been convicted of had continued for two decades.  The District Court
acknowledged Snyder's history of community service but drew attention to the
devastation brought upon the community by Snyder's criminal activity.  The District
Court likewise gave Snyder credit for his guilty plea and acceptance of responsibility
even though the Court failed to find Snyder's statement of remorse persuasive.  Finally,
the District Court considered the more than 600 victim impact statements submitted to the
Court, detailing a staggering amount of loss.  In weighing all of the factors set forth in
§ 3553(a) and considering the circumstances as a whole, the District Court concluded that
just punishment warranted a sentence at the high end of the Guidelines range.  In sum, it

is clear that the District Court properly considered the sentencing factors set forth in § 3553(a) and imposed a reasonable sentence.

## III.

For the reasons set forth above, we will AFFIRM the Order of the District Court.